UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ABEL ALEJANDRO VILLAGRANA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 3:21-cv-00836 |
| KIMISHA LOVING, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Abel Alejandro Villagrana, an inmate of the DeBerry Special Needs Facility in Nashville, Tennessee, has filed a pro se civil complaint and an application to proceed in district court without prepaying fees and costs ("IFP application"). (Doc. Nos. 1, 2).

**I. FILING FEE**

An indigent prisoner may be granted permission to pay the $402 civil filing fee in installments over time via an assessment against the prisoner's trust account, rather than in a lump sum at the time of filing, if the prisoner submits a properly supported IFP application establishing that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) and (b). While Plaintiff's IFP application includes his declaration that he is "unable to pay the costs of these proceedings," it also reveals that he earns $20 per month, has received additional income in the form of gifts or inheritances, and that he currently has $1,357.86 available in cash or on account. (Doc. No. 2 at 1–2). Accordingly, Plaintiff has failed to establish his inability to pay the filing fee as required by Section 1915(a), and his IFP application (Doc. No. 2) is therefore **DENIED**. If he desires to maintain this action, Plaintiff must pay the full $402 filing fee within **30 DAYS** of the entry of this Order.

## II. JOINDER OF CLAIMS AND PARTIES

A cursory review of the complaint reveals that Plaintiff has joined unrelated claims against unrelated parties in a single action. He sues fifteen individuals (including correctional officers and healthcare providers) and the City of Nashville, variously alleging their misconduct (dating back to 2018) in the form of unlawful restraint; denial of food trays, medications, drinking water, soap and toiletries; failure to treat his medical problems; failure to respond to his complaints; restricting his ability to shower; turning off the water supply to his sink and toilet; and threatening him with violence. (See Doc. No. 1 at 17–23).

The Federal Rules of Civil Procedure permit the joinder in a single complaint of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of unrelated claims against unrelated defendants in a single lawsuit. See Proctor v. Applegate, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) ("[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose. . . . And, Rule 20 does not authorize a plaintiff to 'incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.'" (quoting Trail Realty Inc. v. Beckett, 462 F.2d 396, 399–400 (10th Cir. 1972))). In addition to making a lawsuit unwieldy, allowing such an approach to litigation by prisoners would undermine the deterrence intended by the PLRA by allowing prisoner-plaintiffs to minimize their exposure to filing fees and "strikes" imposed pursuant to 28 U.S.C. § 1915(g). See Jackson v. Swab, No. 1:17-CV-965, 2018 WL 521457, at *2 (W.D. Mich. Jan. 23, 2018) (holding that "prisoners should not be allowed to proceed with multiple-plaintiff

2

litigation in order to circumvent the filing fee requirements for federal civil actions or the [PLRA's] 'three strikes' provision").

### III. FURTHER ACTION

Rule 21 of the Federal Rules of Civil Procedure provides that misjoinder is not a ground for dismissing an action. Nevertheless, the complaint cannot be allowed to proceed in its current form. Accordingly, Plaintiff **MUST** file an amended complaint that does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert any claims he has against a single defendant, or he can assert all the claims he has against multiple defendants that arise from the same incident or series of related incidents. If Plaintiff wishes to pursue other claims or defendants outside that limited scope of his amended complaint, he is free to do so by filing separate lawsuits.

The Clerk of Court is **DIRECTED** to provide Plaintiff with a blank form for filing a Section 1983 complaint. To proceed with his lawsuit, in addition to paying the $402 filing fee in full, Plaintiff **MUST** file an amended complaint on the form provided by the Clerk. The amended complaint must include the docket number assigned to this case: **No. 3:21-cv-00836**.

Plaintiff is warned that his failure to comply with this Order within the time provided, or to file a timely motion for extension of time to do so, will result in appropriate action by the Court, including dismissal of the action without prejudice if he fails to pay the filing fee, or the *sua sponte* dropping of parties or severing of claims pursuant to Rule 21 if he fails to file an amended complaint.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:21-cv-00836   Document 5   Filed 11/17/21   Page 3 of 3 PageID #: 33