IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABEL ALEJANDRO VILLAGRANA ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 3:21-cv-836 |
| ) | Chief Judge Crenshaw/Frensley |
| KIMISHA LOVING, ET AL. ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the pro se Plaintiff's Motion to Dismiss this action. Docket No. 88. In his motion, Plaintiff seeks to dismiss the case against the remaining two Defendants, Scott Welch and Deandre Carter. *Id.* The Plaintiff indicates that he is at a new prison and "prefers relaxation to retaliation." *Id.* He further asserts that he "finds it is in his best interest to dismiss the case" and asks that the dismissal not "interfere with any further litigations." *Id.*

Federal Rule of Civil Procedure Rule 41 provides mechanisms both for voluntary and involuntary dismissal of a case. Rule 41(a) governs voluntary dismissals, and subsection (a)(2) governs voluntary dismissals that require a court order. Whether a dismissal without prejudice under Rule 41(a)(2) should be granted "is in the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Company,* 33 F. 3d 716, 718 (6th Cir. 1994)(citation omitted). The focus is on whether "the Defendant would suffer 'plain legal prejudice' because of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). "In determining whether a defendant will suffer plain legal prejudice" from a Rule 41(a)(2) dismissal without prejudice, district courts consider the following four factors:

> (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on part of plaintiff in prosecuting the action; (3) insufficient explanation for need to take a dismissal; and (4) whether a motion for summary

judgment has been filed by defendant.

*Id.* (citation omitted)

Because the Defendants have already filed an Answer in this action, the Court will construe the Plaintiff's motion as a motion for voluntary dismissed under Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Plaintiff's desire to dismiss this action is clear from the pleading. Furthermore, considering the four factors set forth above, the Court believes that dismissal without prejudice is appropriate particularly as there are presently no dispositive motions pending.

For the reasons set forth herein, the undersigned recommends that the Plaintiff's motion to dismiss (Docket No. 88) be **GRANTED** and this matter be **DISMISSED WITHOUT PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**